[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry is not an opinion of the court under S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellee, the city of Cincinnati, sued defendant-appellant Carmela Gammarino seeking to recover unpaid fines for building-code violations. After the suit was filed, Gammarino sought and received administrative hearings concerning the issues in question. After the administrative process was completed and its findings not appealed by Gammarino, the trial court granted summary judgment in favor of the city and ordered Gammarino to pay a fine of five thousand dollars. We affirm.
{¶ 3} In her sole assignment of error, Gammarino asserts that the trial court erred in granting summary judgment because the city's complaint was filed prior to the completion of the administrative hearings. Gammarino argues that since the city had already filed suit in municipal court, she was precluded from filing an appeal from the administrative hearings in any other court. But a party may appeal every final order, judgment, or decree of any administrative board or officer.[1] The administrative process did not prohibit the city from suing to recover the fines it had assessed. Unless and until a party requests an administrative hearing, there is not one — by Gammarino's logic, the city could never
sue to collect fines. Further, the trial court did not grant summary judgment until after Gammarino's time to appeal the administrative proceedings had passed. Gammarino's argument is without merit.
{¶ 4} Gammarino further argues that she did not own the property in question at the time of the offenses. She also continues to assert that she did not receive proper service. Gammarino claims that she transferred the property to her son in 1999 by an unrecorded deed. But she has already had the chance to argue these points at the administrative hearings. The administrative board disagreed and fined her for the building code violations.
{¶ 5} Gammarino did not appeal the administrative board's decision within the required thirty days.[2] She now argues that she was not afforded a fair and impartial administrative hearing. This argument is improper in this appeal. She may not use this appeal as an opportunity to challenge the administrative board's decision. Thus, the only issue before this court is whether Gammarino had paid the fines. Because Gammarino admitted that she had not paid the fines in full, there was no dispute over any issues remaining in the city's action. The trial court properly granted summary judgment in favor of the city. We therefore overrule Gammarino's sole assignment of error.
{¶ 6} We affirm the trial court's grant of summary judgment.
{¶ 7} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] R.C. 2505.03(A).
[2] See R.C. 2505.07.